## IN THE COURT OF COMMON PLEAS
### CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| MARGARITA R. KARPOV,<br>Individually, and as Administratrix of the<br>Estate of Dmitry B. Karpov, Deceased.<br>1608 Fruitland Avenue<br>Mayfield Heights, Ohio  44124<br><br>and<br><br>**MICHAEL DYLAN KARPOV**, a<br>Minor, by and through his Natural<br>Guardian, Margarita R. Karpov<br>1608 Fruitland Avenue<br>Mayfield Heights, Ohio  44124<br><br>Plaintiffs<br><br>vs.<br><br>**COMMERCE BENEFITS GROUP**<br>**AGENCY, INC. d/b/a THE**<br>**COMMERCE GROUP**<br>c/o Chad E. Buskirk, Registered Agent<br>33479 Lake Rd.<br>Avon Lake, Ohio 44012<br><br>and<br><br>**NET TRUCKING, INC.**<br>c/o Marek Swietoslawski, Registered<br>Agent  .<br>8140 S. Normandy Avenue<br>Burbank, Illinois  60459<br><br>and<br><br>**STANISLAW GIL**<br>442 Blue Spring Drive<br>Fox Lake, Illinois  60020<br><br>Defendants. | CASE NO.<br><br>JUDGE<br><br><br><br><br><br><br><br><br><br><br><br><br><br>C O M P L A I N T<br><u>WITH DISCOVERY TO</u><br><u>DEFENDANTS ATTACHED</u><br><br>(Jury Demand Endorsed Hereon) |

## FIRST CLAIM FOR RELIEF - DECLARATORY JUDGMENT

1.     Defendant Commerce Benefits Group Agency, Inc. is a corporation that provides health insurance benefits and is licensed to do so in the State of Ohio. Said Defendant also does business as The Commerce Group and for purposes of this Complaint, said entities shall be referred to collectively as "The Commerce Group."

2.     Defendant The Commerce Group did issue a policy and/or plan of health insurance to the employees of Per-Se Technologies, a company doing business in Cuyahoga County, Ohio. A copy of the policy is not attached as the Defendant The Commerce Group has a copy of same. Plaintiff's deceased husband, Dmitry Karpov, was an employee of Per-Se Technologies and, as such, was an insured under the health insurance plan issued by the Defendant The Commerce Group. Plaintiff Margarita Karpov, as the spouse of Dmitry Karpov, is also an insured under said insurance plan.

3.     As detailed in the following paragraphs, Plaintiff and Plaintiff's Decedent were involved in a tractor trailer/motor vehicle collision in which Plaintiff was severely injured and Plaintiff's Decedent was killed. As a result of the injuries sustained, Plaintiff required medical care and treatment, and the medical care providers submitted bills to Defendant The Commerce Group for payment.

4.     Pursuant to the terms of The Commerce Group health insurance plan, said Defendant has asserted a subrogation claim to recover against the Plaintiffs for medical bills paid. Upon information and belief, Defendant Net Trucking, Inc. and Defendant Stanislaw Gil do not have sufficient insurance coverage and/or assets to make Plaintiffs whole for their present and future injuries and damages.

5.    Plaintiffs bring this claim for declaratory judgment to declare the respective rights of the Plaintiffs and Defendant The Commerce Group to recover damages from the Defendants Net Trucking, Inc. and Gil.

## SECOND CLAIM FOR RELIEF – NEGLIGENT OPERATION OF A TRACTOR TRAILER/WRONGFUL DEATH

6.    At all times relevant herein, Plaintiff Margarita R. Karpov and Plaintiff's Decedent Dmitry B. Karpov were lawful husband and wife and were residents of the State of Ohio. Margarita R. Karpov is the duly appointed Administratrix of the Estate of Dmitry B. Karpov, and brings this claim pursuant to the Ohio Wrongful Death Statute on behalf of herself and all of the next-of-kin of Dmitry B. Karpov, including their minor child, Michael Dylan Karpov.

7.    At all times relevant herein, Defendant Net Trucking, Inc. ("Net Trucking") was an Illinois corporation that regularly did business within the State of Ohio, including operating its fleet of trucks on Ohio roadways, delivering materials and goods to Ohio businesses, and otherwise transacting business within the State of Ohio.

8.    At all times relevant herein, Defendant Stanislaw Gil was a resident of the State of Illinois, was employed by Defendant Net Trucking as a truck driver and was working within the scope and course of his employment, such that Defendant Net Trucking is vicariously liable for Defendant Gil's negligence. Defendant Gil regularly drove Net Trucking vehicles within the State of Ohio, using Ohio roadways and transacting businesss within the State of Ohio.

9.    On or about August 21, 2005, Plaintiff Margarita R. Karpov and Plaintiffs' Decedent, Dmitry B. Karpov, were lawfully traveling eastbound on Interstate 80 near mile-marker 100.7 in Washington Township, Indiana, when a tractor-trailer owned by Defendant

Net Trucking and driven by Defendant Stanislaw Gil collided into the rear of Plaintiffs'
automobile.

10.     At the time of the collision, Defendant Gil was operating the tractor-trailer
while under the influence of alcohol and/or drugs; traveling at a speed of at least 71 m.p.h.
in a construction zone; and was in violation of Federal Motor Carrier Safety regulations
limiting the number of driving hours for commercial truck drivers. Defendant Gil was
negligent and acted in reckless disregard for the safety of others.

11.     As a direct and proximate result of Defendant Gil's wrongful conduct,
Plaintiffs have suffered damages as set forth below.

### THIRD CLAIM FOR RELIEF – WRONGFUL OPERATION OF A TRUCKING COMPANY

12.     Plaintiffs incorporate all of the allegations of Count II as if fully rewritten.

13.     Defendant Net Trucking negligently hired, retained and supervised Defendant
Stanislaw Gil, whom it knew or should have known had a history of operating tractor-
trailer rigs in an unsafe manner, driving under the influence of alcohol and/or drugs, and
regularly violated federal and state guidelines governing the work hours of long-distance
truck drivers, including the Federal Motor Carrier Safety Regulations.

14.     Defendant Net Trucking knowingly, willfully and wantonly aided and abetted
its drivers, including Stanislaw Gil, in evading Federal Motor Carrier Safety regulations
governing the maximum permissible hours for driving by maintaining dual log books.

15.     Defendants' negligence and willful, wanton, and reckless conduct directly and
proximately resulted in the wrongful death of Plaintiff's Decedent Dmitry B. Karpov.

16. As a direct and proximate result of Defendants' conduct, Plaintiff Margarita R. Karpov and the next-of-kin of Dmitry B. Karpov, have suffered damages as set forth in the Ohio Wrongful Death Statute.

**FOURTH CLAIM FOR RELIEF – SURVIVORSHIP**
**(PAIN AND SUFFERING)**

17.   Plaintiffs incorporate by reference each and every allegation of Counts II and III set forth above as if fully rewritten herein and further states as follows:

18.   Plaintiffs' Decedent Dmitry B. Karpov suffered extreme physical pain of body and emotional pain of mind prior to his death as a direct and proximate result of the Defendants' conduct.

**FIFTH CLAIM FOR RELIEF – PERSONAL INJURY**

19.   Plaintiff incorporates by reference each and every allegation of Counts II-IV above as if fully rewritten herein and further states as follows:

20.   As a direct and proximate result of Defendants'- negligence and as a direct and proximate result of their willful, wanton, and reckless conduct, Plaintiff Margarita R. Karpov has suffered severe and painful physical injuries, was required to incur expenses for medical care and treatment, has suffered severe emotional distress and has suffered a loss of earnings and earning capacity.   All of the foregoing injuries and damages are permanent and will continue into the future.

**SIXTH CLAIM FOR RELIEF – FAMILIAL LOSS OF CONSORTIUM**

21.   Plaintiff incorporates by reference each and every allegation of Counts II-V as if fully rewritten herein and further states as follows:

22..   Plaintiff Michael Dylan Karpov states that he is the minor child of Plaintiff Margarita R. Karpov and Plaintiffs' Decedent, Dmitry B. Karpov, and that as a direct and

proximate result of the Defendants' conduct, he has suffered a loss of consortium of Plaintiff Margarita R. Karpov.

**WHEREFORE**, Plaintiffs pray for judgment against the Defendants as follows:

I.      Against Defendant Commerce Benefits Group Agency, Inc., that the Court declare the rights of said Defendant as against the rights of the Plaintiffs to recover damages from the other Defendants.

II.     Against Defendants Nei Trucking, Inc. and Stanislaw Gil, the sum of an amount not less than $25,000.00 in compensatory damages, an amount of punitive damages appropriate under the facts of this case for the egregious reckless and/or intentional conduct of the Defendants, and attorneys fees and costs.

**A TRIAL BY JURY IS HEREBY REQUESTED.**

Respectfully submitted,

PETER H. WEINBERGER (0022076)
STUART E. SCOTT (0064834)

OF COUNSEL:

**SPANGENBERG, SHIBLEY & LIBER LLP**
1900 East Ninth Street, Suite 2400
Cleveland, Ohio 44114-3400
PHW@Spanglaw.com
SES@Spanglaw.com
(216) 696-3232
(216) 696-3924 FAX

Counsel for Plaintiffs