UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| MARGARITA R. KARPOV, | ) | |
| Administratrix of the Estate of Dmitry B. | ) | |
| Karpov, Deceased, et. al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:06-CV-195 |
| | ) | |
| PER-SE TECHNOLOGIES, INC., | ) | |
| INSURANCE BENEFIT PLAN, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Plaintiffs' Motion for Leave to File Second Amended Complaint.  (Docket # 79.)  In their Proposed Second Amended Complaint, the Plaintiffs seek to add Defendants Agata Swietoslawski; Foxline Transportation, Inc.; Blue Line Equipment LLC; Net Freight System, Inc.; and Net Trans, Inc., against whom the Plaintiffs allege a claim of fraudulent conveyance.  (Proposed Second Amnd. Compl. ¶¶ 23-27.)  The Proposed Second Amended Complaint alleges that Defendants Net Trucking, Inc.; Foxline Transportation, Inc.; Blue Line Equipment LLC; Net Freight System, Inc.; and Net Trans, Inc., are "corporations with their principal place of business located [at] 8140 South Normandy Avenue, Burbank, Illinois 60459 and are residents and citizens of the state of Illinois."  (Proposed Second Amnd. Compl. ¶ 2.)

The Plaintiffs' Proposed Second Amended Complaint, however, is inadequate.  This is because the "residency" of each party is meaningless for purposes of diversity jurisdiction, as

"citizenship is what matters."[1] *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332); *see* 28 U.S.C. § 1332. "It is well-settled that when the parties allege residence but not citizenship, the court must dismiss the suit." *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) (internal quotation marks and citation omitted)); *see generally Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 677-78 (7th Cir. 2006).

Therefore, the Court must be advised of each party's citizenship, not residency. As to Defendants Foxline Transportation, Inc.; Net Freight System, Inc.; and Net Trans, Inc., corporations "are deemed to be citizens of the state in which they are incorporated *and* of the state in which they have their principal place of business." *N. Trust Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990) (emphasis added); *see* 28 U.S.C. § 1332(c)(1). Thus, the Court must be apprised of both facts with respect to each of these Defendants. Here, however, the Proposed Second Amended Complaint is deficient in that it only informs of the Defendants' principal place of business.

As to Blue Line Equipment LLC, a limited liability company's citizenship "for purposes of the diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d

---

[1] For purposes of determining diversity jurisdiction, each party's citizenship must be articulated as of "the time of the filing of the complaint," rather than the date the claims are alleged to have arisen or some other time material to the lawsuit. *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992).

Moreover, "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, No. Civ. 06-753-GPM, 2006 WL 4017975, at *10 n.1 (S.D. Ill. Dec. 7, 2006) (citing *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World, LLC*, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003); *Multi-M Int'l, Inc.*, 142 F.R.D. at 152.

729, 731 (7th Cir. 1998).  Therefore, the Court must be advised of the citizenship of all the members of Blue Line Equipment LLC to ensure that none of its members share a common citizenship with the Plaintiffs. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006).  Moreover, citizenship must be "traced through multiple levels" for those members of Blue Line Equipment LLC, who are a partnership or a limited liability company, as anything less can result in a dismissal or remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).  In the instant case, however, the Proposed Second Amended Complaint is inadequate because Plaintiffs have not identified the citizenship of the members of Blue Line Equipment LLC, nor have the Plaintiffs traced the citizenship through multiple levels, if appropriate.

Therefore, Plaintiff is ORDERED to supplement the record forthwith as to the citizenship of each party, tracing the citizenship of all unincorporated associations through all applicable layers of ownership.

SO ORDERED.

Enter for this 12th day of December, 2007.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge