UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MARGARITA R. KARPOV, Individually ) <br> and as Administratrix of the Estate of ) <br> Dimitry B. Karpov, and MICHAEL DYLAN ) <br> KARPOV ) <br>          ) <br>     Plaintiff, ) <br>          ) <br>     v. ) <br>          ) <br> NET TRUCKING, INC., et al. ) <br>          ) <br>     Defendants. ) | CAUSE NO.: 1:06-CV-195-TS |

**OPINION and ORDER**

Before the Court is the Plaintiffs' Motion for Leave to File Second Amended Complaint (DE 79), filed on December 12, 2007. The Court also must consider whether the proposed second amended complaint (DE 81-2) complies with the Order (DE 80) of December 12, 2007, by Magistrate Judge Roger Cosbey.

**BACKGROUND**

This diversity action, which has been underway since November 2005, is a lawsuit pertaining to the 2005 death of Dimitry B. Karpov in a vehicle collision on Interstate 80/90, the Indiana Toll Road, near Bristol, Indiana. The claims are: negligent operation of a tractor trailer/wrongful death; wrongful operation of a trucking company; pain and suffering; personal injury; and, familial loss of consortium.

On November 7, 2007, the Plaintiffs filed a motion (DE 75) seeking an order requiring Defendant Net Trucking and its president Maret Swietoslawski to preserve documents pertaining

to Foxline Transportation, Inc., Blue Line Equipment, LLC, Net Trans, Inc., Net Freight System, Inc., and, any other corporation owned or controlled by Maret Swietoslawski[1] or his wife Agata Swietoslawski. On November 13, 2007, Judge Cosbey granted the order (DE 78).

The Plaintiffs in their Motion for Leave to File Second Amended Complaint seek to add a claim of fraudulent conveyance, under the Uniform Fraudulent Transfer Act, Ind. Code § 32-8-2-1 *et. seq.*, and to add the following person and entities as defendants: Agata Swietoslawski, Foxline Transportation, Inc., Blue Line Equipment, LLC, Net Freight System, Inc., and Net Trans, Inc.

In response to that motion, Judge Cosbey, on December 12, 2007, issued an Order (DE 80) requiring the Plaintiffs to cure the proposed second amended complaint of its inadequacy regarding the citizenship of the new defendants. The order stated that the proposed second amended complaint must provide the citizenship and not the residency of the corporate defendants so that the Court can ensure it still has diversity jurisdiction.

On December 14, 2007, the Plaintiffs filed a supplemental second amended complaint that provided the citizenship of each of the new defendants, as well as the new fraudulent conveyance claim.

On December 26, 2007, Defendant Net Trucking filed a response in Opposition to the Plaintiffs' Motion for Leave to File a Second Amended Complaint (DE 88). On December 28, 2007, the Plaintiffs filed their Reply (DE 90).

---

[1] This person is also known as Mark Swietoslawski. (*Carolina Cas. Ins. Co. v Estate of Zinsmaster*, 1:06-CV-33-TS, DE 255, June 12, 2007.)

2

## ANALYSIS

### A.  Diversity Jurisdiction

The proposed second amended complaint states that all the new corporate defendants—Foxline Transportation, Inc., Blue Line Equipment, LLC; Net Freight System, Inc., and Net Trans, Inc.—are incorporated and have their principal place of business in Illinois. Blue Line Equipment, as a limited liability company, is an Illinois citizen because its sole member, Agata Swietoslawski, is a citizen of Illinois. Thus, they are citizens of Illinois for diversity purposes. There was no question that the other Defendants are Illinois citizens. The Plaintiffs are citizens of Ohio. No Defendants have challenged the issue of citizenship or diversity. Accordingly, the Court finds that the proposed second amended complaint adequately shows that the Court continues to have diversity jurisdiction.

### B.  Request to Amend Complaint

The Plaintiffs wish to amend their complaint because they "learned of the potential for their fraudulent conveyance claims during the deposition of Defendant Net Trucking's President, Marek Swietoslawski, on August 24, 2007." (Pl. Reply at 2; DE 90 at 2.) The Plaintiffs fear that Net Trucking and Marek Swietoslawski "may have transferred assets of Defendant Net Trucking, Inc. to [the new Defendants] for the purpose of hindering Plaintiffs from enforcing any judgment against Defendant Net Trucking, Inc." (Pl. Mot. for Leave to File Second Am. Compl. at 1; DE 79 at 1.) The Plaintiffs state that this alleged transfer occurred within a month of the vehicle collision involving the death of Dimitry Karpov. (Pl. Mot. for Order for Doc. Preservation at 1; DE 75 at 1.)

Defendant Net Trucking states it would be prejudiced in its ability to defend against the negligence claims "at this advanced state of the litigation." (Def. Resp. ¶7; DE 88 at 2.) The Defendant also states it would be prejudiced by having to deal with broadened discovery and to analyze "potentially large amounts of new evidence," and it would need more time to evaluate defenses, requiring "significant additional time." (*Id.* ¶8; DE 88 at 2).

Once responsive pleadings have been filed in a case, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Courts are to use their discretion under Rule 15(a) to liberally grant permission to amend pleadings so long as there is not undue prejudice to the opposing party or undue delay, bad faith or dilatory motive on the part of the movant." *Sides v. City of Champaign*, 496 F.3d 820, 825 (7th Cir. 2007) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The Defendant's only argument against an amended complaint is that it would be prejudiced, not that the Plaintiff has shown undue delay, bad faith, or a dilatory motive. First, the standard is "undue prejudice," not simply "prejudice." Virtually all amended complaints prejudice the opposing party in the sense that there is something new to address.

Second, the Court notes that no trial is set in this case and the discovery process is ongoing. No dispositive motions have been filed (other than the one under consideration here). The next status conference to discuss the case is in two months after the parties file a report with suggested deadlines. While the case has been underway for a year and a half, that is not the same as saying it is "at an already advanced stage of . . . litigation." (Def. Resp. ¶8; DE 88 at 2.) Accordingly, the Court cannot contemplate how any prejudice from the amended complaint

4

would rise to the level of being undue, and the Defendant has not articulated any such specific undue prejudice, such as having to analyze and produce a large amount of material close to trial.

It is not at all clear that prejudice would result from a broadening of discovery, or that such a broadening would be significant, as the Defendant claims. Much of the information relating to these new Defendants should already be preserved and ready for analysis and disclosure in light of the Court's Order (DE 78) of November 13, 2007. In the Plaintiff's Motion seeking a court order for preservation of those documents, the Plaintiffs stated that Maret Swietoslawski already agreed to preserve the documents, and the proposed order "was executed by counsel for Defendant Net Trucking, Inc." (Pl. Mot. for Order for Doc. Preservation at 2; DE 75 at 2.)

Next, the cause of the request to amend the complaint is the Defendant's purported attempt to transfer assets from the first-named Defendant to other entities controlled by the Defendant's wife. This allegation has gone unrefuted. A prudent step for a plaintiff, upon learning of a potential transfer of assets, is to add a claim for fraudulent conveyance against new parties. The time from the discovery of the potential transfer to the filing of the motion to amend the complaint is not so long as to suggest inattention by the Plaintiff or undue prejudice to the Defendant.

Last, the Defendant cites to *Otis Clapp & Son, Inc. v. Fillmore Vitamin Co.*, 754 F.2d 738 (7th Cir. 1985), for the proposition that a court "has broad discretion to refuse the plaintiffs' request to amend the pleadings to add a fraudulent conveyance when doing so will result in prejudice to the opposing party." (Def. Resp. ¶6; DE 88 at 2.) That is not exactly what *Otis Clapp & Son* says, and it also is merely a restatement of the standard for addressing motions to

amend, as articulated by the Seventh Circuit. *E.g.*, *Sides*, 496 F.3d at 825 ("Courts are to use their discretion under Rule 15(a) to liberally grant permission to amend pleadings . . . ."). Reliance on *Otis Clapp & Son* is unavailing for several reasons. The decision whether to allow a party to amend the complaint is "within the discretion of the trial court." *Otis Clapp & Son*, 744 F.2d at 743. The Defendant should not read too much into the circuit court's affirmation of the district court's denial of the motion to amend in that case. The affirmation, based on a deferential level of review, does not translate into a presumption to deny requests to amend a complaint with a fraudulent conveyance claim. A more accurate way to say it is that the Court has broad discretion *both* to deny *or to grant* a motion to amend a complaint. If there is any preference, Rule 15(a) indicates it is to grant the request: "The court should *freely give leave* when justice so requires." (15(a)(2)) (emphasis added). In addition, the plaintiff in *Otis Clapp & Son* relied on Rules 25 and 18 in his argument to supplement his complaint, 754 F.2d at 742–43, while the Plaintiff in this case relies on Rule 15. Importantly, the plaintiff in that case filed his motion to supplement his complaint two months before a set trial date and after five years of litigation, including a partial summary judgment ruling, *id.* at 740–41. As explained above, this case is far less advanced both in terms of time passed and dispositive rulings.

## CONCLUSION

For the reasons stated above, the Court GRANTS the Plaintiffs' Motion for Leave to File Second Amended Complaint (DE 79). The Clerk is directed to docket the second amended complaint (DE 81-2) as of the date of this Order.

SO ORDERED on January 14, 2008.

       s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT