UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MARGARITA R. KARPOV, Individually and as Administratrix of the Estate of Dmitry B. Karpov, and MICHAEL DYLAN KARPOV, </br></br>Plaintiffs, </br></br>v. </br></br>NET TRUCKING, INC., et al. </br></br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

CAUSE NO.: 1:06-CV-195-TLS

## OPINION AND ORDER

This matter is before the Court on the Plaintiffs' Motion for Summary Judgment Against Defendant Stanislaw Gil [ECF No. 166].

## BACKGROUND

This diversity action, which Plaintiffs Margarita R. Karpov, individually and as the Administratrix of the Estate of Dmitry B. Karpov, and Michael Dylan Karpov filed in November 2005, is a lawsuit pertaining to the 2005 death of Dmitry B. Karpov in a vehicle collision near Bristol, Indiana, on Interstate 80/90, a stretch of the Indiana Toll Road. In their Second Amended Complaint, the Plaintiffs made the following claims: negligent operation of a tractor trailer/wrongful death; wrongful operation of a trucking company; survivorship/pain and suffering; personal injury; familial loss of consortium; and fraudulent conveyance. This case has an extensive procedural history, which the Court has discussed in its previous Opinions and Orders [ECF Nos. 92, 117, 148 & 162] and need not repeat here. The Court, in its Opinion and

Order filed December 6, 2010, ordered the entry of a default judgment against the corporate employer of Defendant Gil, in the amounts of $6,721,657.00 as compensatory damages for Dmitry Karpov's wrongful death; $2,119,997.20 as compensatory damages for Margarita Karpov's personal injury claim; and $6,359,991.60 in punitive damages. *Karpov v. Net Trucking, Inc.*, No. 1:06-CV-195-TLS, 2010 WL 5058538, at *6 (N.D. Ind. Dec. 6, 2010). The Second Amended Complaint sought damages against Defendant Gil for actions taken within the scope of his employment. (Second Am. Compl. ¶12, ECF No. 93.) The Plaintiffs seek summary judgment against Defendant Gil in order to join him in the judgment entered against his employer. Defendant Gil, proceeding pro se, objects to the Plaintiffs' Motion by presenting factual disputes and challenging the Plaintiffs' evidence. (Def.'s Resp. Pls.'s Mot. Summ. J., ECF No. 167.) For the reasons stated below, the Court will grant the Plaintiffs' Motion.

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure state that a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The motion should be granted so long as no rational fact finder could return a verdict in favor of the party opposing the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Id.* at 249–50; *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994). According to Rule 56:

A party asserting that a fact cannot be or is genuinely disputed must support the

> assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

Although a bare contention that an issue of fact exists is insufficient to create a factual dispute, the court must construe all facts in a light most favorable to the nonmoving party, view all reasonable inferences in that party's favor, *see Bellaver v. Quanex Corp.*, 200 F.3d 485, 491–92 (7th Cir. 2000), and avoid "the temptation to decide which party's version of the facts is more likely true," *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). A material fact must be outcome determinative under the governing law. *Harney v. Speedway SuperAmerica, LLC*, 526 F.3d 1099, 1104 (7th Cir. 2008). "Irrelevant or unnecessary facts do not deter summary judgment, even when in dispute." *Id*.

## STATEMENT OF FACTS

Defendant Gil was the driver of the tractor trailer in the collision leading to the death of Dmitry Karpov and to the serious injuries suffered by Plaintiff Margarita Karpov. The Indiana Court of Appeals which reviewed the sentence in Defendant Gil's criminal case summarized the facts surrounding the accident:

> On August 21, 2005, Gil drove a truck weighing 70,000 pounds into a construction zone in Elkhart County. Gil exceeded the speed limit for the construction zone. Gil failed to keep a proper watch for other traffic and what was happening with the traffic. Gil had alcohol in his system and caused a collision in the construction zone.

*Gil v. State*, No. 20A03–0611–CR–525, 2007 WL 1470150, at *1 (Ind. Ct. App. May 22, 2007).[1] As a result of the car collision involving the Plaintiffs, Defendant Gil pled guilty to and was convicted of four counts of Class C felony reckless homicide, one of which was for the death of Dmitry Karpov, and one count of Class D felony criminal recklessness, relating to injuries suffered by Plaintiff Margarita Karpov. *Id*.

### ANALYSIS

**A.     Liability**

"[A] trial court should apply offensive collateral estoppel against a convicted criminal defendant on issues that were defended vigorously in the criminal case in the absence of a showing that it is unfair to the defendant to give conclusive effect to the conviction." *Doe v. Tobias*, 715 N.E.2d 829, 830 (Ind. 1999). Under Indiana law, the Court may rely on evidence of a criminal conviction in a civil trial. *Id.* at 831; Ind. Code § 34-39-3-1 ("Evidence of a final judgment that: (1) is entered after a trial or upon a plea of guilty; and (2) adjudges a person guilty of a crime punishable by death or imprisonment of more than one (1) year; shall be admissible in a civil action to prove any fact essential to sustaining the judgment, and is not excluded from admission as hearsay regardless of whether the declarant is available as a witness.")."Collateral estoppel is termed offensive when the plaintiff seeks to foreclose the defendant from litigating an issue the defendant has previously litigated unsuccessfully in an action with another party."

---

[1] "Unless later designated for publication, a not-for-publication memorandum decision shall not be regarded as precedent and shall not be cited to any court except by the parties to the case to establish res judicata, collateral estoppel, or law of the case." Ind. Rule of Appellate Procedure 65(D).

*Tobias*, 715 N.E.2d at 831(quotation marks omitted). "To determine whether to permit the use of offensive collateral estoppel, the trial court must consider whether the party in the prior action had a full and fair opportunity to litigate the facts and whether it would be otherwise unfair to permit the use of collateral estoppel given the facts of the particular case." *Miller v. Owens*, 953 N.E.2d 1079, 1083 (Ind. Ct. App. 2011) (citing *Tobias*, 715 N.E.2d at 832).

  While the Indiana Supreme Court, in *Tobias,* stated that collateral estoppel should be applied where a defendant has defended against the criminal charges "vigorously," the Court finds support in *Tobias* for applying the same rule to a conviction predicated on a guilty plea. Where a defendant had a full and fair opportunity to litigate the facts in the prior criminal case, a court must then look to whether it would be otherwise unfair to permit a plaintiff to use collateral estoppel against that defendant. To determine if the use of collateral estoppel against a defendant is fair, the court must consider "'the defendant's incentive to litigate the prior action, the defendant's ability to defend the prior action, and the ability of the plaintiff to have joined the prior action.'" *Tobias*, 715 N.E.2d at 832 (quoting *Tofany v. NBS Imaging Systems, Inc.*, 616 N.E.2d 1034, 1038 (Ind.1993)). But, in the typical criminal case the defendant had an extraordinarily strong incentive to defend, the defendant did defend against the prior action with the assistance of counsel, and the plaintiff could not have joined the prior criminal case. *Id*. All these factors militate for application of collateral estoppel where the conviction at issue is based on a guilty plea. *See Wayne Chem., Inc. v. Terpening*, No. 1:08-CV-269 JVB, 2010 WL 3782130, at *3–4 (N.D. Ind. Sept. 17, 2010) (undertaking a similar analysis under Indiana law and concluding that a guilty plea can support offensive collateral estoppel of the underlying facts of a criminal conviction in a civil case).

5

The Plaintiffs seek to estop Defendant Gil from denying the underlying facts of his conviction. Defendant Gil has presented the Court with no evidence that he was denied a full and fair opportunity to defend himself against his criminal charges. The Court finds no unfairness in the application of collateral estoppel to deny Defendant Gil the opportunity to relitigate the facts underlying each element of his criminal conviction. Defendant Gil provided the Court with no basis for such a finding and the record suggests that Defendant Gil had every incentive and opportunity to challenge the basis for his conviction at the time he pled guilty.[2]

The three elements underlying Defendant Gil's reckless homicide conviction are "causation, that the act resulting in the homicide was voluntary, and that the defendant's conduct was reckless and not merely negligent." *Gibbs v. State*, 677 N.E.2d 1106, 1108–09 (Ind. Ct. App. 1997) (quoting *Taylor v. State*, 457 N.E.2d 594, 597 n.6 (Ind. Ct. App. 1983). The elements underlying Defendant Gil's conviction for criminal recklessness are that "[a] person . . . recklessly . . . inflict[ed] serious bodily injury on another person." Ind. Code. § 35-42-2-2(d) (2004).[3] With regard to both crimes, under Indiana criminal law, "[a] person engages in conduct 'recklessly' if he engages in the conduct in plain, conscious, and unjustifiable disregard of harm that might result and the disregard involves a substantial deviation from acceptable standards of

---

[2] "Although differing burdens of proof can preclude the results reached in a criminal proceeding from being used for collateral estoppel purposes in civil cases, some Indiana cases suggest that such an application of collateral estoppel would be permissible in circumstances where the burden of proof employed by a criminal proceeding would not cast doubt on the reliability of estoppel." *Nolan v. City of Indianapolis*, 933 N.E.2d 894, 898 (Ind. Ct. App. 2010). In his criminal conviction Defendant Gil was found guilty beyond a reasonable doubt, a higher burden of proof than he would face at trial for negligence liability, and, therefore, one that does not cast doubt on the reliability of estoppel against him here.

[3] This statute was amended effective July 1, 2006 by Indiana Public Law 75-2006, however, the statute in place before this amendment was applied to Defendant Gil. *See Gil*, 2007 WL 1470150, at *1 n.2.

conduct." Ind. Code § 35-41-2-2.

Applying collateral estoppel in this case, Defendant Gil cannot deny that he caused the death of Dmitry Karpov and the injuries sustained by Margarita Karpov through voluntary conduct which constituted a "substantial deviation from acceptable standards of conduct." *See* Ind. Code § 35-41-2-2. The Plaintiffs seek summary judgment on Counts 1, 3, 4 and 5 of the Second Amended Complaint. Count 1 is Negligent Operation of a Tractor Trailer/Wrongful Death, Count 3 is Survivorship, Count 4 is Personal Injury, and Count 5 is Familial Loss of Consortium. Negligence under Indiana law requires: "(1) duty owed to plaintiff by defendant; (2) breach of duty by allowing conduct to fall below the applicable standard of care; and (3) compensable injury proximately caused by defendant's breach of duty." *King v. Ne. Sec., Inc.*, 790 N.E.2d 474, 484 (Ind. 2003). The elements of a wrongful death claim under Indiana law are similarly "a duty owed by the defendant to the decedent, breach of that duty, and an injury proximately caused by the breach." *Tom v. Voida*, 654 N.E.2d 776, 787 (Ind. Ct. App. 1995); *see also Hays v. Bardasian*, 615 F. Supp. 2d 796, 800 (N.D. Ind. 2009). Criminally reckless conduct in Indiana constitutes a breach of acceptable conduct more severe than negligence. *See Warner v. State*, 577 N.E.2d 267, 269 (Ind. Ct. App. 1991) ("In order to sustain its burden of proving the reckless homicide charge beyond a reasonable doubt, the State was required to show that the defendant voluntarily acted recklessly, not merely negligently, and that such conduct caused the death of another.").

Based on Defendant Gil's convictions for criminal recklessness and reckless homicide, the Court finds that Defendant Gil owed a duty of care to the Plaintiffs and committed a more severe breach of the acceptable standard of care in driving his tractor tailor than is needed for a

finding of negligence. Similarly, with regard to proximate cause, the Court grounds liability for Dmitry Karpov's death on the finding of causation supporting Defendant Gil's conviction for reckless homicide, and for Margarita Karpov's injuries, on the same finding supporting Defendant Gil's conviction for criminal recklessness. Since the Court finds that Defendant Gil is estopped on the questions of negligence and causation of injury, the Court will enter judgment as a matter of law against Defendant Gil as to liability for compensatory damages for the death of Dmitry Karpov and the injuries sustained by Margarita Karpov as set out in the Court's Opinion and Order filed December 6, 2010. *Karpov*, 2010 WL 5058538, at *6.

**B.     Punitive Damages**

The Court looks to the evidence before it, rather than to the preclusive effect of Defendant Gil's criminal conviction, to determine whether to grant summary judgment to the Plaintiffs on the issue of punitive damages. In tort actions under Indiana law, liability for punitive damages requires:

> conscious and intentional misconduct which, under the existing conditions, the actor knows will probably result in injury. In other words, the defendant must have subjected other persons to probable injury, with an awareness of such impending danger and with heedless indifference of the consequences. The tortious conduct must be marked by malice, fraud, gross negligence, or oppressiveness not resulting from a mistake of law or fact, honest error of judgment, overzealousness, mere negligence or other noniniquitous human failing.

*Westray v. Wright*, 834 N.E.2d 173, 179–80 (Ind. Ct. App. 2005) (quotation marks and citations omitted).

Uncontroverted evidence before the Court supports a finding of punitive damages against Defendant Gil. Specifically, Defendant Gil caused the accident when driving a fully-loaded tractor trailer above the speed limit, in a construction zone. *Gil*, 2007 WL 1470150, at *1.

Additionally, Defendant Gil had alcohol in his system at the time of the accident. *Id*. He and his employer engaged, in the period leading up to the accident, in making false log book entries permitting Defendant Gil to drive more hours than allowed under relevant regulations. *Karpov*, 2010 WL 5058538, at *4.[4]

In opposition to the Motion for Summary Judgment, Defendant Gil raises the following factual contentions: he asserts that he was in compliance with Department of Transportation (DOT) rules regarding his working hours on the day of the accident; he asserts that the quantity of alcohol in his system at the time of the accident was within the legal limit; and he asserts that his speed at the time of the accident was never proven. Viewing these arguments in the light most favorable to Defendant Gil, the Court still concludes that liability for punitive damages is appropriate as these arguments—even if true—do not establish material factual disputes between the parties. The Plaintiffs point to evidence that there was alcohol in Defendant Gil's system, while Defendant Gil counters only that he was within the legal limit. Similarly, the Plaintiffs point to evidence that Defendant Gil violated DOT regulations before the accident, while Defendant Gil counters only that he was not violating those rules on the day of the accident. Finally, the Plaintiffs point to evidence that Defendant Gil exceeded the speed limit in a construction zone, while Defendant Gil counters only that his speed at the time of the accident was "never proven." (Def.'s Resp. Pls.'s Mot. Summ. J. 4, ECF No. 167.) He provides no

---

[4] The Court relies in part for this finding on a deposition of Defendant Gil filed on July 30, 2010. (Video Dep. Stanislaw Gil, ECF No. 161.) Defendant Gil asserts in his Response that this deposition was unfairly taken without a translator to assist him. Defendant Gil's native language is Polish. While Defendant Gil is currently representing himself in this matter, at the time the deposition was taken he was represented by counsel who was present at the deposition and did not object to the absence of a translator. The Court, therefore, finds no unfairness to the Defendant in its reliance on the statements he made during that deposition.

9

evidence or even an assertion that it was within or near the speed limit.

The Plaintiffs designate evidence that establishes that Defendant Gil "subjected other persons to probable injury, with an awareness of such impending danger and with heedless indifference of the consequences," and Defendant Gil has not materially contradicted that evidence. *Westray*, 834 N.E.2d at 179. The Plaintiffs, therefore, are entitled to summary judgment on the issue of liability for punitive damages against Defendant Gil.

**C.**     **Additional Legal Contentions Raised by Defendant Gil**

Defendant Gil also raises several legal challenges to the Plaintiffs' Motion. In particular he points to his lack of an attorney, that "every accident is a result of some disadvantageous circumstances which are impossible to be predicted and avoid," that he is currently being punished through incarceration for the accident, and that he was covered by insurance which has "paid already the redress." (Def.'s Resp. Pls.'s Mot. Summ. J. 7.) None of these contentions raises an issue of material fact and, therefore, cannot defeat summary judgment against him.

There is no constitutional or statutory right to counsel in federal civil cases. *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993). Rather, 28 U.S.C. § 1915 authorizes a district court judge to request, but not compel, a lawyer to represent an indigent civil litigant. *Id*.; *see also Mallard v. United States District Court*, 490 U.S. 296, 305 (1989). Before a district court may consider an indigent plaintiff's request for counsel, the plaintiff must demonstrate that he has attempted to retain counsel on his own. *Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1072–73 (7th Cir. 1992). If the plaintiff demonstrates that he has tried and failed to find legal counsel, the district court then determines, given the difficulty of the case, whether the party is competent to try the case himself. *Farmer*, 990 F.2d at 322. Defendant Gil has not demonstrated that he has

attempted to retain counsel to represent him in opposition to the Motion. Defendant Gil was represented during a significant part of the current litigation. The case was initiated in November 2006 and the last of several attorneys, provided through liability insurance, representing Defendant Gil withdrew in July 2009. Finally, Defendant Gil was able to respond to the Motion raising his factual contentions in his filing to the Court.

That the collision in this case was a result of unfortunate circumstances may be true, but this is no defense for Defendant Gil. As detailed above, Defendant Gil took reckless actions which resulted in the collision that killed Dmitry Karpov and seriously injured Margarita Karpov. Defendant Gil raises no issue of material fact by attempting to claim that, because car collisions and their consequences cannot be predicted, he cannot be held liable for the consequences of a collision he caused. Similarly, his contentions with regard to being imprisoned as a criminal punishment for his role in the accident, and the money paid out by insurance to the Plaintiffs, do not raise issues of fact preventing summary judgment. In Indiana, "[i]t is not a defense to an action for punitive damages that the defendant is subject to criminal prosecution for the act or omission that gave rise to the civil action." Ind. Code § 34-24-3-3. Finally, having insurance does not bear on one's legal liability rather, the portion of the liability compensated by insurance has been deducted from the judgment which will be entered against Defendant Gil. *Karpov*, 2010 WL 5058538, at *3.

## CONCLUSION

For the reasons stated above the Court GRANTS the Plaintiff's Motion for Summary Judgment Against Defendant Gil [ECF No. 166]. The Court JOINS Defendant Gil to the

Judgment entered against Net Trucking [ECF No. 162] and ORDERS judgment entered against Defendant Gil on the same terms provided in that Opinion and Order.

    SO ORDERED on December 5, 2011.

                               s/ Theresa L. Springmann  
                              THERESA L. SPRINGMANN  
                              UNITED STATES DISTRICT COURT